Alexander **FOREST**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Nov. 29, 1972.

Certiorari Denied by Supreme Court
May 7, 1973.

John R. Moss and J. Emmett Ballard, Jackson, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Whit LaFon, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

GALBREATH, Judge.

At the time of the trial of the plaintiff in error from which he appeals his conviction for armed robbery, it appears from the record that he was also under indictment for felonious assault of another person whom he had threatened with a pistol earlier the evening of the crime under investigation. Over the objection of counsel for the defense, the State was permitted to introduce testimony from the victim in the assault case that the defendant approached him on the evening in question and, apparently because of some dispute over a trifle, pointed a gun of an undescribed type at him. This was error.

The trial judge carefully explained to counsel for the State that the only reason he would allow testimony of the witness who had been assaulted earlier was to "show that this man had a gun on the night in question." This could have been accomplished by simply asking the witness if he had observed the defendant in possession of a gun that night. An affirmative answer would have supplied the probative information sought by the State. Instead the State went further and elicited the additional and unnecessary fact that the defendant had used this gun in the commission of a separate and unrelated crime.

Proof is not rendered incompetent because it tends to connect the accused with another crime so long as it has relevance to the crime under investigation, although the general rule of law is that evidence of separate criminal activity having no bearing on the issue of guilt or innocence of the present crime charged is inadmissible. See Mays v. State, 145 Tenn. 118, 238 S.W. 1096.

We are thus encountered with a situation where a portion of the proof relating to the other crime is probative and relevant, i.e., the defendant had a gun, while another portion of it is irrelevant and nonprobative, i.e., the defendant used the gun to commit an alleged felonious assault. Although the latter part of the proof was inadmissible, we believe that in relation to the whole proof the error involved in its admission was harmless beyond a reasonable doubt.

The defendant was positively identified by a close companion as the person who entered a taxi with him on the evening of January 7, 1972, and robbed the cab driver and then, notwithstanding his own and the victim's pleas for mercy, deliberately shot the cab driver in the face with a .22 caliber pistol. The victim had known the defendant by sight for about a month, and there could be no doubt that the defendant's friend who accompanied him on the night of the shooting had known him intimately since they had been jail mates in the past. The defendant did not testify and offered only vague and unconvincing testimony from three witnesses, including his mother, seeking to establish an alibi. Actually two of the alibi witnesses were not of much help to the defendant since they testified they took him home at about 10 P.M. the night of the shooting which occurred near midnight.

All of the assignments of error challenging sufficiency of the evidence are overruled for the plain reason that the evidence overwhelmingly points to the defendant's guilt. It would have been incredible if the

jury had disregarded all of the undisputed evidence that the defendant robbed and shot his helpless victim and believed instead the weak alibi evidence from relatives and friends. In any event, the jury tried and found the facts which we cannot disturb unless the evidence preponderates against their findings. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ There is no merit to an assignment that the State failed to prove the pistol introduced as the one used in the robbery belonged to the defendant. It is immaterial who owns the weapon used to commit a crime. The pistol introduced was taken from the defendant when he was arrested, and his companion of the evening testified that the weapon introduced as an exhibit was the same type he had observed the defendant use in the robbery. His mother also testified he owned such a pistol.

■ We find no error in the refusal of the trial judge to suppress evidence that the victim was able to identify his assailant from a picture shown to him while in the hospital. This testimony was not objected to, and in any event the victim amply demonstrated that he had known the defendant by sight prior to the shooting and recognized him at the time of the crime and later in court. Nothing appears that suggests the police engaged in any unfair tactics in exhibiting to the victim the picture of the man he already knew by appearance but not by name.

■ Likewise without merit is the contention that the punishment fixed by the jury of 99 years was excessive. The robbery was most aggravated involving a clear intent to murder as well and was deserving of severe punishment upon the proof of guilt. Since it was within the punishment allowed by law, we will not say that any indication of passion, prejudice or caprice is justified. See Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523.

The judgment is affirmed.

MITCHELL and DWYER, JJ., concur.