**STATE of Tennessee, Appellee,**

v.

**Kenneth Lamont GREEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 5, 1980.

Permission to Appeal Denied by
Supreme Court.
Feb. 9, 1981.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Henry P. Williams, Kenneth R. Roach, Asst. Dist. Attys. Gen., Memphis, for appellee.

Veronica Coleman, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

Under indictments returned by the Shelby County grand jury on March 16, 1977, the appellant, Kenneth Lamont Green, was tried April 23, 1979–April 27, 1979, and found guilty of (1) murder in the first degree during the perpetration of a robbery; (2) robbery by use of a deadly weapon; (3) assault with intent to commit murder in the first degree; (4) using a firearm during the perpetration of a robbery and murder in the first degree, T.C.A. sec. 39–4914, and (5) using a firearm during an assault to commit murder, T.C.A. sec. 39–4914. The jury fixed appellant's sentences at 99 years and one day, 99 years and one day, not less than six nor more than 21 years, five years, and five years, respectively. The record is silent on the question of consecutive sentencing. Therefore, the sentences are deemed to be concurrent. Rule 32(a), Tenn.R. Crim.P. Green now appeals to this court.

Because of the recent ruling of *Miller v. State*, 584 S.W.2d 758 (Tenn.1979), we must modify appellant's sentence for murder in the first degree to life imprisonment. On April 22, 1976, the date of the crimes, the only punishment allowable for murder in the first degree was life imprisonment.

Although the appellant does not attack the sufficiency of the convicting evidence, we will review the essential facts. The proof showed that in the early morning hours of April 22, 1976 the 7–Eleven convenience store at 5247 South Third Street in Memphis was robbed by two men, one of whom was armed with a sawed-off shotgun. During the course of the robbery, two customers, Harold Clayton, Jr., and Charles Howe, were wounded by the armed robber. Mr. Clayton died as the result of his wounds. Mr. Howe recovered. However, he could not identify his assailant. At trial, Lee W. May, an employee of the store who was present during the robbery, identified the appellant as the robber armed with the shotgun.

The proof further showed that on July 28, 1976, the appellant was arrested at his home in Philadelphia, Pennsylvania; and a sawed-off shotgun and some shotgun shells were found in his room. Ballistics experts testified that shotgun shell casings found in the 7–Eleven store in Memphis were ejected from this shotgun. Furthermore, the appellant confessed to Philadelphia police officers that he had committed the present crimes in Memphis.

At trial, the appellant testified denying that he committed the crimes. He explained his confession by stating that it was the product of coercion and that his knowledge of the crimes was gained through reports by the media. In an attempt to establish an alibi, Charles Cheirs testified that the appellant was asleep in the living room of his home in Memphis on the night in question. However, Cheirs did not know if the appellant had left during the night.

Levi Haywood, who was jointly indicted with the appellant but tried separately, testified that he was arrested, indicted and acquitted of the present charges. At trial,

Haywood stated that he did not know the appellant and was not present when the crimes occurred. However, the proof further showed that Haywood had earlier confessed to the present crimes and had identified the armed robber as someone other than the appellant. At trial, Haywood denied the truth of his earlier statements stating that they were the product of coercion.

In appellant's first issue presented for review, he contends that the search of his bedroom was illegal and, thus, the trial judge erred in denying his motion to suppress the shotgun and shotgun shells found therein. The trial judge conducted a full hearing on this matter outside the presence of the jury. During the hearing, Harold Gordon, a Philadelphia police officer, testified that appellant was arrested on the front porch of his parents' home in Philadelphia for shooting a police officer. After appellant was transported to the local jail, Gordon entered the open door of appellant's house and conversed with appellant's mother. Upon learning of the charges against her son, appellant's mother insisted that the appellant had been asleep and offered to show Gordon appellant's bedroom to prove it. Gordon accepted the offer and in appellant's bedroom in plain sight he found the shotgun and shotgun shells. During the hearing, appellant's mother testified admitting that she had shown someone appellant's bedroom, but he was not Gordon. She further testified that when she took the unknown officer to appellant's bedroom that the shotgun and shotgun shells were not in plain sight and that she did not give her permission to search the room. After finding the items in the bedroom, Gordon called police headquarters and requested another officer to obtain a search warrant. Subsequently, a search warrant was obtained, and the affidavit in support of the warrant was based on facts independent of those Gordon had discovered in his initial warrantless search. The validity of the warrant which was eventually issued is not in question except for an allegation that the warrant was improper because the return on the warrant showed that the search was conducted on the day before it was issued.

Irregularities in the method of returning a search warrant do not affect the right to make a search and do not affect the admissibility of evidence acquired as a result of it. *Bishop v. State*, 582 S.W.2d 86 (Tenn.Cr. App.1979).

The appellant contends that the initial warrantless search was illegal and, thus, tainted the subsequent search with the valid warrant. Contrary to appellant's contention, we feel that there was sufficient proof for the trial judge to find that appellant's mother had consented to the original search. Cf. *Rippy v. State*, 550 S.W.2d 636 (Tenn.1977); *McGee v. State*, 2 Tenn.Cr.App. 100, 451 S.W.2d 709 (1969). The evidence does not preponderate against the trial judge's finding that the search was legal. The motion to suppress was properly denied and this issue is without merit.

Next, the appellant contends that the trial judge erred in allowing his confession into evidence in that the appellant was legally insane at the time he made the confession. At a jury-out hearing on the question, lay testimony indicated that the appellant had been tried in Pennsylvania for the assault on the police officer which occurred on the same day that appellant made the confession to the crimes in Memphis, and that appellant was found not guilty by reason of insanity. Neither the judgment of the Pennsylvania court nor expert psychiatric testimony was presented on the issue of appellant's sanity at the time he made the confession. The state's witnesses testified that the appellant appeared to understand the nature of the questions, where he was, who was doing the questioning and his constitutional rights. The testimony further indicated that the appellant answered the questions intelligently and was clear, coherent, alert, and responsive. The trial judge found that appellant's confession was freely and voluntarily given.

No Tennessee case has discussed the effect that insanity has upon the competency of a confession. The general rule is that a confession is admissible even though

it was made at a time when the accused was under the influence of narcotic drugs or alcohol, if at that time the accused was capable of making a narrative of past events or of stating his own participation in the crime. *Lowe v. State,* 584 S.W.2d 239 (Tenn.Cr.App.1979); *Dukes v. State,* 578 S.W.2d 659 (Tenn.Cr.App.1978); *Pyburn v. State,* 539 S.W.2d 835 (Tenn.Cr.App.1976); *Williams v. State,* 491 S.W.2d 862 (Tenn.Cr. App.1972). We think this rule should apply equally to the issue of insanity. Mental incapacity which does not render one incompetent to be a witness does not render his confession incompetent. 23 C.J.S., Criminal Law, sec. 828. In Tennessee an insane person is competent to be a witness if he has sufficient understanding to comprehend the obligation of an oath and is capable of giving a correct account of the matters of which he has knowledge. *Turner v. Bell,* 198 Tenn. 232, 279 S.W.2d 71 (1955). A corollary issue to the competency of a confession is the issue of whether the accused has sufficient mental capability to comprehend and waive his constitutional rights.

In light of the nature of the testimony presented on the issue of insanity, we cannot say that the proof preponderates against the fact that appellant's confession was competent, voluntary, and the result of a knowing and voluntary waiver of his constitutional rights.

This issue is without merit.

■ Next the appellant claims that the trial judge erred in allowing May's identification of him before the jury. Appellant's claim, although not supported by the record, is that the pretrial identification procedures utilized were so suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Apparently, appellant's contention is based upon the fact that Mr. May may have identified pictures of other people as looking like the gun wielding culprit. Appellant cites no identification procedure in his brief which was suggestive and our own independent review of the record reveals none. While evidence that May had identified other people is relevant to the weight of May's identification

of appellant, absent suggestive identification procedures, we can find no violation of due process sufficient to require exclusion of the identification. *Holt v. State,* 591 S.W.2d 785 (Tenn.Cr.App.1979).

This issue is without merit.

■ Next, the appellant contends that the trial judge erred in allowing into evidence testimony that appellant's arrest on July 27, 1976, in Philadelphia was the result of shooting at two Philadelphia police officers and that one of the officers had been wounded. The state contends that this testimony was necessary to show that the appellant was in possession of the shotgun used in the Memphis robbery. The fact that appellant was in possession of the shotgun was relevant. The fact that he assaulted two police officers with the shotgun was not relevant. *Forest v. State,* 496 S.W.2d 528 (Tenn.Cr.App.1972). The admission of this testimony was error. However, in view of the overwhelming evidence of guilt, the fact that the only punishment for murder was life imprisonment, and the fact that appellant received concurrent sentences, the error was harmless. Rule 36(b), Tennessee Rules of Appellate Procedure.

■ Next, the appellant claims that the trial judge erred in refusing to grant a continuance of the trial in order to allow him to obtain private counsel. The appellant also contends that the trial judge erred in refusing to grant a continuance in order to allow his court appointed counsel adequate time to prepare arguments concerning pro se motions which had been filed without his attorney's knowledge. Continuance is a matter which rests within the sound judicial discretion of the trial judge and his decision on the matter will not be disturbed absent a clear showing of prejudice to the appellant. *Moorehead v. State,* 219 Tenn. 271, 409 S.W.2d 357 (1966); *Brady v. State,* 584 S.W.2d 245 (Tenn.Cr.App. 1979). In *Nease v. State,* 592 S.W.2d 327 (Tenn.Cr.App.1979), we quoted with approval from *Baxter v. State,* 503 S.W.2d 226 (Tenn.Cr.App.1973):

" 'A reversal will be ordered on account of a denial of a continuance only if the appellate court is convinced that the complaining party did not have a fair trial and that a different result would or might reasonably have been reached had there been a different disposition of the application for a continuance.' "

We find no prejudice to the appellant and, thus, we find no abuse of discretion. This issue is without merit.

Next, the appellant claims that the trial judge erred in denying his motion for a transcript of the former trial of Levi Haywood at state expense. In *State v. Elliott*, 524 S.W.2d 473 (Tenn.1975), the Supreme Court held that an indigent defendant has no right to a transcript at state expense of an earlier trial of a coindicted defendant.

This issue is without merit.

Next, the appellant contends that the trial judge erred in allowing the prospective jurors who were selected on the first day of voir dire to be discharged and permitted to separate prior to being sworn. Although the burden of proving an absence of prejudice is upon the state once a jury separation has been proved, the burden of proving the jury separation is upon the defendant. *Gonzales v. State*, 593 S.W.2d 288 (Tenn.1980). The record before us in this case does not establish that the jury was ever separated and, thus, this issue is without merit.

Next, the appellant claims that the trial judge erred in denying his motion for a mistrial made when the assistant district attorney general commented during his opening statement that appellant had confessed to the crimes. The appellant contends that this was error in that the admissibility of the confession had not yet been determined. If this be error, which we do not hold, any error was harmless in view of our previous finding that the confession was admissible. Rule 36(b), Tennessee Rules of Appellate Procedure.

Next, the appellant contends that the state impermissibly impeached one of their own witnesses, Lee May. The appellant does not refer to any specific instance in the record in which May was impeached by the state and our own review of the record reveals no such instance. This issue is without merit.

Next, the appellant contends that the trial judge erred in allowing before the jury improper rebuttal evidence and in refusing to allow him to present surrebuttal evidence. This is within the sound judicial discretion of the trial judge. *Beasley v. State*, 539 S.W.2d 820 (Tenn.Cr.App.1976). Rebuttal evidence "is that which tends to explain or controvert evidence produced by an adverse party." *Cozzolino v. State*, 584 S.W.2d 765, 768 (Tenn.1979). Likewise, in *Nease v. State*, supra, at 331, we defined rebuttal evidence as "any competent evidence which explains or is in direct reply to or a contradiction of material evidence introduced by the accused or which is brought out on his cross-examination..."

First, the appellant contends that the rebuttal testimony of Harold Gordon was improper. During the state's case in chief, a Memphis police officer testified that he went to Philadelphia and interviewed the appellant at a local prison at which time the appellant was chained to the floor. At the close of appellant's proof, a juror asked whether a statement was taken from the appellant while he was chained to the floor.

The state, over the appellant's objection, recalled Gordon, who testified that the appellant was chained to the bed because he was involved in an altercation with the prison guards. The gist of Gordon's testimony was that the statement was not taken while appellant was chained. This evidence was not rebuttal proof but was merely an effort by the state to further explain its case in chief. Admission of this testimony was error; however, in light of the overwhelming proof in this case, the error was harmless. Rule 36(b), Tennessee Rules of Appellate Procedure.

Second, the appellant claims that the trial judge erred in allowing into evidence on rebuttal newspaper clippings con-

cerning the robbery and murder. The prosecution argued that the purpose of the evidence was to rebut the appellant's allegation that the only knowledge he had of the murder and robbery was gained through the media. The state argued that the newspaper articles would show that appellant had knowledge of the crimes which was not reported by the media. Portions of the articles which contained unduly prejudicial statements were excluded. These articles were not admitted for the truth of the matters contained therein. Their admission was proper.

 Third, the appellant contends that the rebuttal testimony of Alan Twyman was improper. Twyman was recalled to rebut the appellant's contention that he was physically coerced into making a confession. During Twyman's testimony, he made an improper reference to the shooting of the Philadelphia police officer. As previously indicated, this evidence constituted improper proof of other crimes although its admission could not have affected the outcome of the case. In an effort to impeach Twyman on surrebuttal, the appellant attempted to introduce some newspaper articles which stated that Twyman was under investigation for police brutality. This evidence was excluded because of its hearsay nature. We agree. After the question concerning the brutality investigations was asked in front of the jury, the state recalled Twyman to explain the allegation. We find no error in this procedure.

These allegations are without merit.

As modified the case is affirmed.

TATUM and BYERS, JJ., concur.