**STATE of Tennessee, Appellee,**

v.

**Essie George FLUELLEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 10, 1981.

Permission to Appeal Denied by Supreme Court Dec. 28, 1981.

Walter C. Kurtz, Metropolitan Public Defender, Kim L. Kirk, Public Defender's Office, Nashville, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Rhonda J. Cartwright, Asst. State Atty. Gen., Ronald E. Miller, H. Scott Williams, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated rape, and the jury fixed the punishment at twenty (20) years. In a bifurcated proceeding he was found to have become an habitual offender, and the punishment was enhanced to life imprisonment.

The defendant says the trial court erred in holding a prior robbery conviction could be used to impeach his credibility as a witness without determining the probative value and says the state erroneously argued the defendant should come forward with evidence and erroneously argued facts beyond the evidence.

The judgment is affirmed.

The defendant does not attack the sufficiency of the evidence. The evidence clearly shows he raped a ten year old girl.

The errors of which the defendant complains were, even if error, harmless in the face of the record. The defendant does not contest the sufficiency of the evidence, and this record shows his guilt. In the first phase of the trial, the jury fixed the punishment at the minimum. The matters complained of did not cause the jury to fix a greater punishment.

■ The trial judge properly found a previous robbery conviction could be used to impeach the defendant's credibility if he testified. This Court has held stealing is dishonest conduct, and a prior conviction for an offense involving stealing may be used to impeach a testifying defendant. *State v. Holtcamp*, 614 S.W.2d 389 (Tenn.Cr.App. 1980).

Robbery is an aggravated form of larceny. A conviction thereon is therefore admissible without a need to determine the probative value vis-a-vis the inflammatory effect.

■ The argument of the state concerning whether the defendant could have presented evidence was proper. The argument was in response to the argument of the defendant which questioned why the state did not present the particular evidence.

■ The defendant has more basis for complaint about the state's argument in which they asserted the police officer did not find the vehicle of the defendant when they searched for the defendant. There is no evidence the police officer searched for the vehicle. However, these statements were harmless beyond a reasonable doubt.

DWYER and O'BRIEN, JJ., concur.