**STATE of Tennessee, Appellee,**

v.

**Ralph WIGGINS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 6, 1987.

Permission to Appeal Denied by Supreme Court March 30, 1987.

Richard McGee, Lionel R. Barrett, Jr., Nashville, Richard Kaiser, William Shul-

man, Asst. Public Defenders, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Albert L. Partee, III, Asst. Atty. Gen., Nashville, David Komisar, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

The defendant, Ralph Howard Wiggins, was convicted of aggravated kidnapping and aggravated rape. He was sentenced to a term of 41 years imprisonment on each count as a Range II aggravated offender. The sentences were ordered to run concurrently. On this appeal, the defendant presents five issues for review. After considering them, we conclude that the judgment must be affirmed.

The defendant does not question the sufficiency of the evidence. We have nevertheless reviewed the record and find that the evidence meets the standard required by Rule 13(e), T.R.A.P. In order to place the issues in perspective, we will briefly summarize the evidence accredited by the jury.

The victim and the defendant were next-door neighbors in a quadruplex in Nashville. The victim had lived there for about 3 weeks. She did not know the defendant by name but had seen him on the premises. On the evening of September 8, 1984, the defendant grabbed the victim at the bottom of the steps in the quadruplex and pulled her upstairs to his apartment. He pushed her to the floor and placed his hands around her throat, threatening to kill her if she said anything. He gagged her with a red and white bandanna handkerchief and placed a gold towel around her neck. By holding the towel, the defendant led her to a large white four-door automobile with damages to the front end and drove her to a construction sight. He forced her out of the car and removed her clothing when she refused to do so. He injected her vagina with his finger and then with his penis. The penetrations were accomplished by force. After raping her, he apologized, telling her that someone had put acid in his

drink. The defendant was then suffering with stomach pains and the victim went to the defendant's apartment and advised the defendant's live-in girlfriend, Pat Miller, that the defendant was hurting.

The victim drove to a store where she saw a deputy sheriff. She stopped at the store and told the deputy sheriff that she had been raped. She was very upset and was crying when she approached the deputy. The deputy sheriff telephoned the metropolitan police.

Officer Garrett arrived at the store and the victim described the episode in detail, giving a full description of the defendant, the white automobile, the towel, and the bandanna. Officer Garrett took the victim to a hospital where she saw the defendant in the admissions room. His girlfriend had brought him there for treatment relative to his stomach pains. The victim pointed the defendant out to the police officer. The defendant informed the police officer that he had not had sexual relations with the victim.

The white automobile used in the kidnapping was in the parking lot at the hospital, occupied by two adult women and a child. Officer Garrett observed the towel and the bandanna in the automobile.

The defendant at trial testified that the victim consented to the sexual act. He said that he had previously had sexual relations with her.

■ In his first issue, the defendant contends that the trial court erred in denying him a continuance to permit him to procure retained counsel of his choice in lieu of the Public Defender who had been appointed for him.

Trial was scheduled for June 17, 1985. On June 12, 1985, appointed counsel moved to be relieved as counsel for the defendant and he also filed a motion for a continuance to allow the defendant to retain private counsel. An evidentiary hearing on these motions was held immediately before trial on June 17, 1985. At the hearing, the defendant testified that he desired to hire attorney Richard McGee as defense counsel and that his family had procured funds

with which to employ McGee. McGee had not agreed to accept the case and was not present at the hearing and did not otherwise communicate with the court.

The defendant had been arrested on the night of September 8–9, 1984 at the hospital soon after the rape. The defendant had had more than 9 months in which to retain employed counsel. As stated, the motion was filed five days before the trial date, requesting a continuance of "several weeks" to enable McGee "to prepare for trial." The trial judge could not be assured that retained counsel could be employed even had a continuance been granted.

A motion by a criminal defendant for a continuance of the trial to enable the defendant to replace his attorney and to give the newly retained attorney time to prepare for trial is directed to the sound discretion of the trial court. See *State v. Green,* 613 S.W.2d 229 (Tenn.Crim.App.1980); *State v. Zyla,* 628 S.W.2d 39 (Tenn.Crim.App.1982) and the cases therein cited and discussed. Under the circumstances outlined above, we find that the trial judge did not abuse his discretion in denying a continuance. This issue is without merit.

■ In the next issue, the defendant contends that the trial court erred in overruling his motion to suppress physical evidence seized from his automobile. He says that there was a violation of his Fourth Amendment right when the officers found and seized the bandanna handkerchief and the gold towel without a search warrant.

The victim told the officers that she was kidnapped by the defendant in a large white automobile with a dark vinyl top and a dark interior. The automobile, according to the victim's description, had an arm rest on the inside and there was damage to the front on the passenger side. The victim also told the officers that she was gagged with a red bandanna handkerchief and that a goldish-brown towel had been placed around her neck by the defendant.

After the defendant had been arrested in the hospital, the officers went on the parking lot at the hospital where they observed a vehicle perfectly matching the description. While standing in the parking lot, they looked into the white automobile and saw a goldish-brown towel on the floorboard. Upon seeing the towel, they opened the door and a red bandanna handkerchief fitting the description given to the officers by the victim, was under the front seat. The officers seized both the towel and the bandanna.

The defendant's girlfriend, Patricia Miller, and her sister, Sheryl Miller, occupied the front seat of the automobile when the officers first arrived and a child was in the back seat. The officers "asked" the occupants to get out of the car before the officers entered it. The occupants got in another car in the area.

The information given to the officers by the victim provided the officers with probable cause to believe that the towel and bandanna were in the automobile. If exigent circumstances existed, an immediate search and seizure was authorized even if neither of the items had been in plain view. *State v. Shrum,* 643 S.W.2d 891, 893 (Tenn. 1982).

It was wholly impractical for the officers to obtain a search warrant before seizing the bandanna and the towel. The defendant's girlfriend and her sister were in the immediate area and the risk was great that the car would have been removed by one of them and/or the evidence might have been removed from it. *State v. Shrum, supra; State v. Byerley,* 635 S.W.2d 511 (Tenn. 1982).

■ Even if the officers had not had probable cause to make a search, no search was made in the constitutional sense. The defendant had no expectation of privacy because the automobile was parked on a public parking lot and the towel was in plain view to the officers who were standing in the public parking lot, where they had a right to be. Since exigent circumstances existed, they were authorized to open the car door to seize the towel. When they did so, the bandanna appeared in plain view. *State v. Shrum, supra; State v. Byerley, supra.*

Since we find that no unlawful search or seizure was made, we pretermit the ques-

tion as to whether the defendant had "standing" to question the validity of the search.

■ In the next issue, the defendant insists that the fresh complaint and account of the crime given by the victim to Detective Roe, Officer Garrett, and Dr. Kondis, violated his right to confrontation under the Sixth Amendment to the Constitution of the United States, and Article I, Section 9, Constitution of Tennessee. Both police officers, the doctor, and the victim testified at trial under oath. The defendant had an opportunity to cross examine all of them. Thus, the defendant was not denied his constitutional right of confrontation. See *State v. Williams*, 598 S.W.2d 830 (Tenn. Crim.App.1980).

■ In the next issue, the defendant says that the court should have ordered a mistrial "due to the improper argument of the Assistant District Attorney." In arguing credibility of witnesses, the Assistant District Attorney said to the jury:

"Now, what you do know about Mr. Wiggins is that he is a killer, a dope fiend, and a thief."

The defendant testified at trial and on cross examination admitted that he had been convicted of voluntary manslaughter, possession of controlled substance for the purpose of sale, petit larceny, concealing stolen property, and passing forged papers. The defendant also testified that he possessed and smoked marijuana on the day of the crime.

On objection, the trial judge instructed the jury in substance that it could not consider any argument not supported by the evidence. It is apparent that the State's argument was supported by the evidence and was material on the issue of credibility. The defendant's objection was obviously based upon the choice of language of the Assistant District Attorney in making this argument.

While argument must be temperate, *State v. Tyson*, 603 S.W.2d 748 (Tenn.Crim. App.1980), the District Attorney may employ oratorical emphasis. *Post v. State*, 580 S.W.2d 801 (Tenn.Crim.App.1979). The District Attorney is not required to use euphemisms. However, if the language used was intemporate, we are satisfied that the argument did not affect the judgment or result in prejudice to the judicial process. See Rule 36(b), T.R.A.P. Any error was harmless.

Under this issue, the defendant argues other matters which we cannot consider because they were not incorporated in the motion for a new trial. *State v. King*, 622 S.W.2d 77 (Tenn.Crim.App.1981); *State v. McKinney*, 603 S.W.2d 755 (Tenn.Crim. App.1980).

■ In the final issue, the defendant says that the trial court erred in permitting evidence of his prior conviction for voluntary manslaughter and possession of controlled substance for resale. This evidence was admitted for impeachment purposes. He says that since these offenses did not involve dishonesty or false statement, the prejudicial effect of this evidence outweighed probative value and that the trial judge only gave "lip service" to the law in weighing prejudicial effect against probative value. See *State v. Morgan*, 541 S.W.2d 385, 388, 389 (Tenn.1976).

In discussing a similar issue in *State v. Sheffield*, 676 S.W.2d 542 (Tenn.1984), Mr. Justice Fones, speaking for our Supreme Court, stated:

"We think it inappropriate to introduce the rigidity that inevitably accompanies the mandated use of express guidelines for the exercise of judicial discretion involving the weighing and balancing of elusive concepts."

Thus, our Supreme Court has rejected the adoption of guidelines to be followed by trial judges in weighing probative value against prejudicial effect with regard to evidence of convictions of crimes that do not involve dishonesty or false statement.

After an evidentiary hearing on the defendant's motion in limine, the trial judge observed that the elements of the crimes of voluntary manslaughter and possession of marijuana for sale, are not closely related to the elements of rape and kidnapping.

He stated that credibility is very important in this case presumably because of the sharp conflict between the testimony of the victim and the defendant.

We do not find that the trial judge abused his discretion in holding that probative value outweighed prejudicial effect with regard to evidence of these two prior convictions. We therefore overrule this issue.

It results that the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.