# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1999

**FILED**

May 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                          )    No. 02C01-9809-CR-00283
    Appellee               )
                          )    SHELBY COUNTY
vs.                        )
                          )    Hon. Carolyn Wade Blackett, Judge
BRIAN L. FAULKENS,         )
                          )    (Robbery)
    Appellant              )

For the Appellant:

**AC Wharton, Jr.**
Shelby County Public Defender

**W. Mark Ward**
Asst. Shelby Co. Public Defender
201 Poplar Avenue
Memphis, TN  38103

For the Appellee:

**Michael E. Moore**
Solicitor General

**J. Ross Dyer**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Michael Leavitt**
Asst. District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Brian L. Faulkens, appeals a Shelby County jury verdict finding him guilty of robbery,[1] for which he was sentenced to ten years as a range II, multiple offender. In this appeal as of right, the appellant raises the following issues for our review:

> I. Whether the State failed to prove beyond a reasonable doubt the identity of the appellant as the perpetrator of this offense;
>
> II. Whether the trial court erred by refusing to charge the lesser offense of theft;
>
> III. Whether the trial court erred in permitting the State to use evidence of the appellant's prior robbery convictions for impeachment purposes should the appellant elect to testify;
>
> IV. Whether introduction of a baseball bat found in the appellant's possession was relevant and, if relevant, whether its introduction was more prejudicial than probative.

After review of the issues raised by the appellant, we affirm the judgment of the trial court.

**Background**

The evidence presented at the appellant's trial reveals that, on October 26, 1996, Narada "Connie" West, after attending choir rehearsal, returned to her residence at the William Len Apartments on Main and Monroe Streets in downtown Memphis. She arrived in the vicinity around 7:30 p.m. and located a parking spot across the street from her building in front of the NBC Bank. She parked her vehicle and proceeded across the street to the William Len building. "Just as [she] was arriving at the front door, [she] felt something touch [her] shoulder." Ms. West turned around and saw a man standing behind her holding a baseball bat to his left shoulder. The man ordered

---

[1]The appellant was originally indicted on one count of aggravated robbery.

2

Ms. West to "give [him] [her] purse." Ms. West complied and the assailant ran towards the NBC Bank.

Arthur Fleming, also a resident of the William Len Apartments, was in the adjacent Mid-America Mall. He heard a woman scream and then observed a man armed with a baseball bat running past him. Fleming began pursuit of the man. However, the man "ducked into an alley behind NBC bank." By the time Fleming entered the alley, he heard a "door slam then a car took off." Fleming described the man as being African-American, 6'1", and about 190 to 200 pounds. He also commented that the baseball bat was made of wood and "wasn't like, say, a major league bat. It wasn't full length. But it was about half that -- about half the width."

Meanwhile, Ms. West stepped inside the apartment building where she informed the security guard that she had just been robbed. When police officers arrived, Ms. West informed the officers that she was able to get a good look at her assailant because of her proximity to him and because it was still daylight when the robbery occurred. She described her assailant as a black male, 5'8" to 5'10" tall, 180 pounds, athletic build, medium complexion, light eyes, short hair. She added that the baseball bat carried by the assailant was made of light colored wood. Being unfamiliar with baseball bats in general, she was not able to provide a more detailed description.

On November 23, 1996, Marion, Arkansas Police Officer Jason Oliver responded to a "suspicious person" call at Entertainment Video. After receiving a description of the individual and the vehicle he was driving, Officer Oliver stopped a vehicle matching that description. The driver of the vehicle could not produce a driver's license and a records' check revealed that the driver, identified as the appellant, had a suspended Indiana driver's license. A search of the vehicle revealed a small wooden baseball bat. The appellant was cited for driving on a suspended license. Additionally, he was charged with no proof of liability insurance and carrying a weapon. The appellant was

3

then transported to the Marion Police Department where he informed officers that he lived in Memphis, Tennessee. A description of the appellant recorded at this time revealed the appellant to be a black male, 5'11", 190 pounds.

Memphis Police Sergeant Walter Williams, a detective in the robbery division, received information relating to the appellant's arrest in Marion, Arkansas. Sergeant Williams then compiled a photographic lineup of individuals meeting Ms. West's description of her assailant. The lineup included a photograph of the appellant. On December 2, 1996, Ms. West was shown the photographic lineup. Without hesitation, Ms. West identified the appellant as her assailant. At the appellant's subsequent trial, Ms. West confirmed her prior identification of the appellant by making an in-court identification.

Based upon this evidence, the jury found the appellant guilty of robbery.

## I. Sufficiency of the Evidence

In his first assignment of error, the appellant contends that the evidence is insufficient to support his conviction for the offense of robbery. Specifically, he contends that, because the only proof offered linking him to the charged offense is the uncorroborated identification testimony of Ms. West, the proof is insufficient to establish his identity as the perpetrator of this offense. We disagree.

An accused challenging the sufficiency of evidence on appeal has the burden of proving that the evidence is insufficient. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these

4

standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13 (e).

Again, the only issue raised as to the sufficiency of the convicting evidence is Ms. West's identification of the appellant as the perpetrator of the offense. Immediately after the incident, Ms. West provided law enforcement officers a physical description of her assailant. These details significantly match the actual physical characteristics of the appellant, e.g., 5'11", 190 pounds. Approximately four weeks later, West positively identified the appellant from a photo line-up at the police station.

In State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993), this court held that the testimony of a victim identifying the perpetrator is sufficient in and of itself to support a conviction. See also State v. Shelton, No. 01C01-9505-CC-00144 (Tenn. Crim. App. at Nashville, Mar. 22, 1996), perm. to appeal denied, concurring in results only, (Tenn. Nov. 12, 1996). Moreover, the credibility of eyewitness testimony identifying the accused as the perpetrator of the criminal offense for which he stands trial is a question of fact for the determination of the jury upon consideration of all competent proof. Strickland, 885 S.W.2d at 87 (citing State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982)); see also State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). Accordingly, we conclude that the evidence is sufficient for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. This issue is without merit.

5

## II. Lesser Included Offense

In his next issue, the appellant complains that the trial court erred in failing to charge the applicable lesser offense of theft of property. The State concedes that the offense of theft is a necessarily included offense of aggravated robbery. See State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). Thus, the only issue before this court is whether the trial court erred by not instructing on the offense of theft.

Although the trial court must fully instruct the jury on the general principles of law relevant to the issues raised by the evidence, including instructions on lesser offenses included in the indictment, see Tenn. Code Ann. § 40-18-110(a)(1990), there is no constitutional right to a jury instruction on a lesser offense in every case. See Keeble v. United States, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995 (1973). Before an instruction on a lesser offense is warranted, the trial court must determine whether the evidence, "when viewed in the light most favorable to the defendant's theory of the case, would justify a jury verdict in accord with the defendant's theory, and would permit a rational trier of fact to find the defendant guilty of the lesser offense and not guilty of the greater offense." See State v. Elder, 982 S.W.2d 871, 877 (1998) (citations and footnote omitted) (emphasis added).

In the present case, the defense theory of the case is that the appellant did not commit the offense against the victim. There is no dispute that Ms. West was the victim of a robbery. That is, the personal property of Ms. West was taken from her person by putting her in fear. See Tenn. Code Ann. § 39-13-401(a)(1990). Whether or not committed by the appellant, the offense is obviously a robbery and not by any means a mere theft of property. Clearly, even under the appellant's theory of the case, the evidence would not permit a jury to find the appellant guilty of theft and not guilty of

6

robbery.[2]  Accordingly, the trial court did not err by refusing to instruct on the lesser offense of theft.  Cf.  State v. Williams, 977 S.W.2d 101, 104-107 (Tenn.), reh'g denied, (Tenn. 1998) (applying harmless error analysis to failure to instruct on lesser offense). This issue is without merit.

### III.  Impeachment by Prior Convictions

Prior to trial, the State provided the appellant with notice of its intent to use the appellant's prior convictions for impeachment purposes.  After the jury was impaneled, a jury out hearing was held to determine whether the appellant's prior convictions for robbery would be admissible to impeach the appellant's testimony should he elect to testify.  Without making specific findings on the record, the trial court permitted the use of these prior convictions for impeachment purposes.[3]  Although the appellant made no offer of proof as to the reason explaining his refusal to testify, he argues in his brief that, based on the  court's ruling, the appellant elected not to testify.[4]   The appellant presented no other proof in his defense. The appellant now contests the trial court's ruling.

The general rule is that prior convictions can be used to impeach the credibility of the accused in a criminal case who takes the stand in his own defense. See Tenn. R. Evid. 609. However, before the State is permitted to impeach an accused's

---

[2]In Elder, 982 S.W.2d at 878, footnote 8, this court illustrated this principle by stating:
A defendant is entitled to an instruction on a lesser offense only in cases where the jury could rationally find him guilty of the lesser offense and not guilty of the greater crime.  Thus, for example, a person charged with rape who denies any involvement in the crime [where the State's proof establishes a rape, the defendant] is either guilty of rape or of no offense at all.  See  State v. Fields, No. 11 (Tenn. Crim. App. at Jackson, Mar. 20, 1991), perm. to appeal denied, (Tenn. Jul. 1, 1991); see also People v. Thompson, 342 N.E.2d 445 (Ill. App. 1976).

[3]The trial court failed to make explicit findings on the record relative to its ruling on the admissibility of the appellant's prior convictions.  We admonish the trial courts to "explicitly state their reasons for allowing or disallowing the admission of prior conviction evidence for the purpose of impeachment so the appellate courts may properly determine [whether] the rule has been followed in reaching the decision." State v. Long, 607 S.W.2d 482, 485 (Tenn. Crim. App. 1980).

[4] We advise that the preferred practice is for the defendant to make an offer of proof so that the appellate court can assess the impact of the trial court's ruling for purposes of harmful or harmless error. See  State v. Martin, 642 S.W.2d 720, 724 (Tenn. Crim. App. 1982). See also NEIL P. COHEN, ET. AL., TENNESSEE LAW OF EVIDENCE § 609.9, footnote 330 (3d ed. 1995).

7

credibility, certain conditions and procedures must be satisfied. The prior conviction must be for a crime punishable by incarceration in excess of one year, or for a crime involving dishonesty or false statement. Tenn. R. Evid. 609(a)(2). See also State v. Blanton, 926 S.W.2d 953, 959 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1996). Such conviction, however, is not admissible if more than ten years has elapsed between the date of release from confinement and commencement of the present action. Tenn. R. Evid. 609(b). The rule also mandates that the State give reasonable written notice prior to trial of the particular convictions it intends to use to impeach the accused. Tenn. R. Evid. 609(a)(3).

In addition to these preliminary considerations, before permitting the use of a prior conviction, the trial court must find that the probative value of the conviction on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. Tenn. R. Evid. 609(a)(3). In making this determination, two factors are critical. The trial court must first consider the similarity between the prior crime and the charged crime. See Blanton, 926 S.W.2d at 959 (citing State v. Farmer, 841 S.W.2d 837, 839 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1992); see also State v. Finch, No. 02C01-9309-CC-00224 (Tenn. Crim. App. at Jackson, June 7, 1995), perm. to appeal denied, (Tenn. 1995)). The more similar the crime, the greater likelihood that the prior conviction will show propensity, and thus, the less likely to be admitted. Next, the court should consider the impeachment value of the prior crime. See Blanton, 926 S.W.2d at 959 (citing Farmer, 841 S.W.2d at 839; see also Finch, No. 02C01-9309-CC-00224). The more probative the prior crime is on the issue of whether the defendant is now telling the truth, the more likely it is to be admitted.

Again, the appellant contends that the trial court should not have permitted use of the appellant's prior convictions for robbery because he was on trial for the offense of aggravated robbery. Indeed, the appellant relies upon the premise that "evidence of a defendant's conviction for an offense similar to the one for which he is presently

on trial should not be introduced because there is too great a danger of it improperly showing a propensity to commit that type of crime." See State v. Smith, No. 02C01-9707-CR-00259 (Tenn. Crim. App. at Jackson, Aug. 10, 1998), perm. to appeal denied, concurring in results only, (Tenn. Feb. 1, 1999)(citations omitted). However, the similarity between the case on trial and the prior conviction does not, *per se*, render the prior conviction inadmissible. The more substantial inquiry is the probative value the convictions have on the defendant's credibility. See State v. Mason, No. 01C01-9603-CC-00103 (Tenn. Crim. App. at Nashville, Jun. 6, 1997), perm. to appeal denied, (Tenn. Feb. 23, 1998) (*for publication*). "Courts frequently admit the impeaching conviction when it is particularly probative of credibility, even if it is identical to the crime being tried." Id. The challenged prior convictions for robbery all implicate the critical element of dishonesty. See Mason, No. 01C01-9603-CC-00103 (citing State v. Caruthers, 676 S.W.2d 935, 941 (Tenn. 1984), cert. denied, 469 U.S. 1197, 105 S.Ct. 981 (1985) (citations omitted); State v. Goad, 692 S.W.2d 32, 37 (Tenn. Crim. App. 1985)). Accordingly, the probative value of permitting use of these convictions outweigh any prejudicial effect. See, e.g., Goad, 692 S.W.2d at 37 (admitting robbery conviction for impeachment in trial for armed robbery); State v. Norris, 684 S.W.2d 650, 654 (Tenn. Crim. App. 1984) (admitting armed robbery convictions as impeachment in trial on armed robbery charge); State v. Fluellen, 626 S.W.2d 299, 300 (Tenn. Crim. App. 1981) (permitting armed robbery conviction to be used for impeachment in trial for armed robbery). This claim is without merit.

## IV. Prior Bad Act

Prior to trial, the appellant filed a motion in limine requesting that the trial court preclude admission of any evidence of his November 1996 arrests for various robberies committed with a baseball bat in Arkansas. A hearing was held on the motion prior to the presentation of any evidence in the case. The trial court prohibited any evidence of the Arkansas robberies from being introduced at trial. However, the trial court did permit the State to introduce statements:

9

as to the reasons that the defendant was picked up; which was, he was charged with carrying a weapon, he was driving on a suspended license, and there was no proof of liability insurance. . . . [T]he police were called after him being a suspicious person as identified by the employee at the Entertainment Video.

The Court will specifically instruct that no witness is to mention at all anything about the other previous robberies. This matter is only being considered by the Court to allow the fact that upon the police stopping this individual that they discovered a baseball bat approximately two feet long that was found in the front seat of the vehicle . . .

. . . This is specifically and only to allow in, based upon the proper foundation being laid, that this defendant had something in his car that could possibly be connected to the offense in Shelby County.

In his final assignment of error, the appellant "submits that [this] evidence should have been excluded." Specifically, the appellant argues that "the fact that [the] Appellant had been arrested and charged with the various offenses had no relevance whatsoever." Additionally, he contends that "considering the fact that the bat was just a 'regular' bat with no distinguishing characteristics, evidence of its possession had little probative value and great prejudicial effect." Accordingly, he contends that the evidence improperly showed the appellant's propensity to commit the crime and the probative value was outweighed by the prejudicial effect.

Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait."[5] Tenn. R. Evid. 404(b). Nonetheless, such evidence may be admissible for other purposes. Id. Specifically, other acts may be admitted to prove such issues as motive, intent, knowledge, absence of mistake or accident, common scheme or plan, identity, completion of the story, opportunity, and preparation. NEIL P. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 404.6 (3D ED. 1995). However, before evidence of other crimes, wrongs, or acts may be admitted for other purposes, the following conditions must be

---

[5]Although the other bad acts sought to be introduced are generally ones which occurred before the crime currently charged, this is not always the case. The same principles apply to determine the admissibility of criminal acts that took place after the acts charged. See, e.g., United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977).

satisfied:

> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>
> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Id.

In reviewing a trial court's decision to admit or exclude evidence, an appellate court may disturb the lower court's ruling only if there has been an abuse of discretion. See State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997). However, the trial court's determination is only entitled to deference if it has substantially complied with the procedural requirements of Rule 404(b). Id. The trial court complied with the requirements of Rule 404(b)(1), (2) and (3). Thus, we give deference to the court's finding that evidence of the appellant's arrest for driving on a suspended license, et al., was necessary to "complete the story," *i.e.*, to set the background for the appellant's development as a suspect.

In support of his position that this evidence should have been excluded, the appellant relies upon State v. Green, 613 S.W.2d 229, 233 (Tenn. Crim. App. 1980). In Green, the trial court permitted introduction of the defendant's arrest in Philadelphia for assaulting two police officers with a shotgun to show that the appellant was in possession of the shotgun used in a Memphis robbery. Id. at 233. Although a panel of this court found the appellant's possession of the shotgun relevant, the court went on to hold that admission of testimony as to the assault of the police officers was irrelevant and erroneous. Id. Notwithstanding, the court found such error harmless. Id.

In the present case, as in Green, we conclude that evidence of the baseball bat

11

was relevant. Although the appellant argues that the baseball bat had no distinguishing characteristics, Arthur Fleming testified that the bat was smaller than regulation size. The bat found in the appellant's vehicle was two feet long, a "small bat." Moreover, the fact that a man matching the description of Ms. West's assailant was found in possession of a baseball bat is extremely relevant and probative to show the perpetrator's identity. Finally, the fact that the appellant was arrested on charges of driving on a suspended license and no proof of liability insurance does not create a danger of establishing the appellant's propensity to commit the charged crime. Accordingly, the probative value of this evidence in establishing the appellant's identity and providing the jury with a complete story of the events outweigh any prejudicial effect. Accordingly, we find no abuse of discretion in the trial court's admission of the evidence. This issue is without merit.

### Conclusion

After a thorough review of the record and the applicable law, we find no error in the judgment of the trial court. Accordingly, the judgment of conviction is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
L. T. LAFFERTY, Judge