**STATE of Tennessee, Appellee,**

v.

**Sylvester Leonard FARMER, Appellant.**

Court of Criminal Appeals of Tennessee,
at Jackson.

April 29, 1992.

Permission to Appeal
Dismissed by Supreme Court
Aug. 31, 1992.

Charles W. Burson, Atty. Gen. & Reporter, Rose Mary Drake, Spec. Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

Walker Gwinn, Asst. Public Defender, Samuel Delk Kennedy, Asst. Public Defender, Gwen Rooks, Asst. Public Defender, Memphis, (A.C. Wharton, Jr., Shelby County Public Defender, of counsel), for appellant.

## OPINION

JONES, Judge.

The appellant, Sylvester Leonard Farmer, was convicted of murder in the second degree, a Class A felony, by a jury of his peers. The trial court found that the appellant was a standard offender and imposed a Range I sentence of twenty-five (25) years in the Department of Correction. Since the appellant was on probation when this offense was committed, the trial court ordered that the sentence was to be served consecutively to the sentence imposed in cause number 88–03285 for the offense of assault with the intent to commit voluntary manslaughter. He was convicted of this offense on November 14, 1988.

One issue is presented for review. The appellant contends that the trial court committed error of prejudicial dimensions in permitting the State to use the prior conviction for assault with the intent to commit voluntary manslaughter to impeach him.

The judgment of the trial court is affirmed.

### I.

During the early morning hours of October 8, 1989, the appellant had an argument with his wife. The wife walked out of their bedroom into a hallway. The appellant, still in the bedroom, shot the victim three times with a shotgun. The victim sustained gunshot wounds to the back, neck and head. Two of the shots were fired as the victim laid on the hallway floor. The appellant subsequently shot himself in the head with the shotgun. The shotgun and four spent shells were found inside the bedroom. A pathologist testified that the cause of death was multiple gunshot wounds.

The appellant testified that an intruder entered the apartment, shot his wife, and shot him in the head. The appellant left the apartment immediately, enroute to a relative's apartment. When the police arrived, the appellant was on the porch of an apartment three doors from the situs of the crime. He testified that he was confused when he left the apartment. He had

walked in the opposite direction from the apartment he was seeking.

## II.

The State gave the appellant notice that it would use the prior conviction to impeach the appellant if he elected to testify. When the State rested, the appellant announced that he would testify in support of his defense. The trial court ruled that the State would be permitted to use the conviction for impeachment if he testified. In ruling, the trial court stated:

> The Court rules as a finding of fact that a notice of impeachment conviction, pursuant to Rule 609(a)(3), Tennessee Rules of Evidence, has been properly filed by the state prior to the trial of this case. It's also been stated by the defense that the witness in this case to be presented will be the accused.
>
> And we rule that the pretrial notice is proper, and the court also finds and makes a determination prior to the defendant taking the stand in his own behalf, if he does so elect to take the stand, that—and I make a determination that the probative value of this conviction on credibility is greater than its unfair prejudicial effect on the substantive issues. I caution the defendant and I caution the state to be concerned about the—going into this—into the specifics of this matter. And that's up to you-all to go from there.

As can be seen, the trial court did not state his reasons for finding that the probative value of the conviction on the issue of credibility outweighed its unfair prejudicial effect on the substantive issues.

The assistant district attorney general concluded his cross-examination by asking the appellant: "Are you the same Sylvester Leonard Farmer who was convicted in this courtroom on November 14, 1988, of assault with intent to commit manslaughter?" The appellant answered the question by stating "yeah."

## III.

The State may use a prior adult conviction to impeach the testimony of an accused in a criminal prosecution if: (a) the conviction was for a crime that is punishable by death or imprisonment in excess of one (1) year or a misdemeanor involving dishonesty or false statement, Tenn.R.Evid. 609(a)(2), (b) less than ten (10) years has elapsed between the date the accused was released from confinement and the commencement of the prosecution, Tenn. R.Evid, 609(b), (c) the State gives reasonable written notice of the particular conviction or convictions it intends to use to impeach the accused prior to trial, Tenn. R.Evid. 609(a)(3), and (d) the trial court finds that the probative value of the felony or misdemeanor on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. Tenn.R.Evid. 609(a)(3). In this case, the first three requirements, *i.e.* requirements (a) through (c), have been satisfied. Thus, the only viable issue is whether the trial court erroneously concluded that the probative value of the conviction on the question of the appellant's credibility outweighed its prejudicial effect upon the substantive issue presented by the evidence, namely, did the appellant or an intruder kill the victim.

## IV.

In determining whether the probative value of a conviction on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues, a trial court should (a) "assess the similarity between the crime on trial and the crime underlying the impeaching conviction" and (b) "analyze the relevance the impeaching conviction has to the issue of credibility." N. Cohen, D. Paine, and S. Sheppeard, *Tennessee Law of Evidence*, § 609.9 at p. 288 (2nd ed. 1990). When these criteria are applied to the conviction in this case, *i.e.* assault with the intent to commit voluntary manslaughter, it is obvious the trial court committed error in permitting the State to ask the appellant if he had previously been convicted of this offense for the purpose of impeachment.

A juror could have reasonably concluded albeit erroneously that if the appellant had been previously convicted of assaulting a person with the intent to commit voluntary manslaughter, he probably killed the victim. The prior conviction connotes that the

appellant may be a violent person because he attempted to take the life of another—an act that he accomplished in this case. In summary, the nature of the prior conviction was *too similar to the offense for* which the appellant was being tried. *See Long v. State,* 607 S.W.2d 482, 485–486 (Tenn.Crim.App.1980) (conviction for second degree murder erroneously used to impeach accused in prosecution for assault with the intent to commit murder in the first degree); N. Cohen, *et. al., Tennessee Law of Evidence* at 288.

The probative value of a conviction for attempting to commit voluntary manslaughter to impeach the testimony of an accused is slight or nonexistent. As this Court said in *State v. Long:* "[C]rimes which involve violence or are of an assaultive nature may result from a short temper, a combative nature, extreme provocation, or other causes generally having little or no direct bearing on honesty or veracity." 607 S.W.2d at 485–486. *See* N. Cohen, *et. al., Tennessee Law of Evidence* at 288. In this case, the probative value of the conviction on the issue of credibility was extremely slight or nonexistent.

### V.

■ The error of the trial court in permitting the State to use the conviction was harmless given the facts and circumstances of this case. Tenn.R.App.P. 36(b); Tenn. R.Crim.P. 52(a). Thus, the appellant is not entitled to relief from his conviction.

First, the physical evidence and the testimony of the appellant's grandson constituted overwhelming evidence of the appellant's guilt. Conversely, his testimony that an intruder entered the apartment, killed the victim, and then shot him was preposterous given the physical facts at the situs of the killing.

Second, the appellant made a very poor witness. Support for this conclusion can be found in the appellant's own brief. His testimony was riddled with inconsistencies. This Court seriously doubts that the jury would have accredited the appellant's testimony even if the trial court had prohibited the introduction of the prior conviction. Moreover, this Court cannot understand why the prosecutor risked a reversal by using the conviction to impeach the appellant given the nature of the testimony and the physical evidence at the scene of the killing.

Third, the trial court correctly instructed the jury regarding the use of prior convictions to impeach a witness. The court instructed the jury: "If by the proof you find that the defendant has been convicted of some prior crime or crimes, you can consider such only for the purpose of its effect, if any, on his credibility as a witness. It cannot be considered by you as evidence of his guilt of the offense for which he is now on trial."

■ As previously noted, the trial court simply concluded that the probative value of the felony or misdemeanor on the issue of credibility outweighed its unfair prejudicial effect on the substantive issues. The record is devoid of the reasons why the trial court permitted the use of the prior conviction. This Court has previously instructed trial courts to "explicitly state their reasons for allowing or disallowing the admission of prior conviction evidence for the purpose of impeachment so the appellate courts may properly determine the rule has been followed in reaching the decision." *State v. Long,* 607 S.W.2d at 485. In the future, the trial court should apply the two-pronged standard, weighing the probative value and prejudicial effect of prior convictions on the record so that the reasons for permitting the use of the conviction shall appear on the record.

DWYER and SUMMERS, JJ., concur.