# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST 1997 SESSION

FILED

March 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SYLVESTER L. FARMER, | ) | |
| | ) | NO. 02C01-9602-CR-00067 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**JOSEPH S. OZMENT**
217 Exchange Avenue
Memphis, Tennessee 38105

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**LORRAINE CRAIG**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, Tennessee 38103

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The petitioner, Sylvester Farmer, appeals the order of the trial court dismissing his petition for post-conviction relief. The petitioner alleged ineffective assistance of counsel at both the trial and appellate levels. The trial court found the petitioner did not meet his burden of proof regarding the deficient performance of either trial or appellate counsel. The judgment of the trial court is affirmed.

**I.**

The petitioner was convicted in November 1990 of second degree murder of his wife and was sentenced to twenty-five (25) years imprisonment as a Range I offender. The evidence presented at trial revealed that in the early morning hours of October 8, 1989, the petitioner had an argument with his wife. She was walking from their bedroom when the petitioner shot her from behind with a shotgun. The petitioner fired two more shots into her as she lay on the floor. The petitioner then shot himself in the head with the shotgun.

The petitioner subsequently appealed his conviction. The conviction and sentence were affirmed. State v. Farmer, 841 S.W.2d 837 (Tenn. Crim. App. 1992). Petitioner then filed this post-conviction relief petition.

At the hearing, the petitioner claimed his trial attorney (1) failed to consult with him regarding potential witnesses, (2) did not properly investigate his case, and (3) failed to interview the medical examiner. The petitioner also alleged his appellate counsel failed to adequately raise and brief the issues.

The trial court filed an excellent memorandum. The trial court reviewed in detail the allegations made by the petitioner and concluded the petitioner failed to prove ineffective assistance of counsel. The petition was dismissed, thereby leading to this appeal.

2

## II.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee for determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. Henley v. State, ___S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

3

## A. Trial Counsel

The petitioner contends that his trial counsel failed to interview witnesses necessary to his defense. When a petitioner makes this contention, he should call these witnesses to testify at the evidentiary hearing. Black v. State, 794 S.W.2d at 757; see also Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. Black, 794 S.W.2d at 757. Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced. Therefore, it is impossible for the petitioner to establish that he was prejudiced by counsel's failure to call the witnesses at trial.

The petitioner also alleges trial counsel failed to conduct a sufficient investigation. A review of the record shows that not to be the case. Petitioner discussed his case with counsel on several occasions prior to trial. As the trial court found, defense counsel subpoenaed and conferred with several witnesses as requested by the petitioner. Yet, these potential witnesses could provide no helpful testimony. The petitioner has not shown anything else counsel could have done to aid petitioner.

Further, the petitioner makes a bare allegation that trial counsel was deficient for failing to interview the medical examiner. Trial counsel had a detailed copy of the examiner's autopsy report. Unquestionably, the cause of death was three blasts from a shotgun found next to the victim. The petitioner offered no grounds on which the medical examiner's testimony could have been impeached. He cannot, therefore, prove he was prejudiced by counsel's decision not to interview the medical examiner.

4

The trial court found that petitioner had failed to prove deficient performance by trial counsel or prejudice as a result of counsel's representation. The evidence does not preponderate against these findings.

## B. Appellate Counsel

The petitioner alleges his counsel on direct appeal failed to adequately raise and brief the issues. Specifically, he alleges appellate counsel failed to consult with trial counsel and himself as to what issues should be presented on appeal.

It is counsel's responsibility to determine the issues to present on appeal. State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986). This responsibility addresses itself to the professional judgment and sound discretion of appellate counsel. Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal. Campbell v. State, 904 S.W.2d 594, 597 (Tenn. 1995). The determination of which issues to raise is a tactical or strategic choice. Id.

Appellate counsel testified that he felt the only issue with merit to be raised on appeal was the admission of petitioner's prior conviction at trial. While this Court found that admission to be error, in the light of overwhelming evidence of guilt, we found it harmless. State v. Farmer, 841 S.W.2d at 840. The trial court found petitioner failed to establish deficient performance of appellate counsel or prejudice as a result of counsel's representation. The evidence does not preponderate against these findings.

## III.

The petitioner has failed to meet the burden for showing ineffective assistance of counsel as mandated by Strickland v. Washington. He has not shown that counsels' performance fell below the range of competence

5

demanded in criminal cases.  Additionally, he has not demonstrated prejudice.

The judgment of the trial court is  AFFIRMED.


_____

**JERRY L. SMITH, JUDGE**


**CONCUR:**


_____

**DAVID G. HAYES, JUDGE**


_____

**THOMAS T. WOODALL, JUDGE**