IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 22, 2000

## STATE OF TENNESSEE v. VANCE SHELTON

**Direct Appeal from the Criminal Court for Greene County**
**No. 96-CR-270    James E. Beckner, Judge**

_____

**No. E2000-01632-CCA-R3-CD**
**December 20, 2000**
_____

Defendant was convicted of rape of a child and aggravated sexual battery. The defendant was sentenced to twenty-five years for rape of a child and twelve years for aggravated sexual battery, to run consecutively to each other and consecutively to a prior four-year sentence. In this appeal, the defendant makes the following allegations: (1) the evidence was insufficient to support his convictions; (2) the trial court erred in failing to grant a mistrial due to a variance between the indictment and the state's proof at trial; (3) the trial court erred in ruling his prior convictions for arson would be admissible if he testified; and (4) his sentences are excessive. Upon our review of the record, we remand for modification of the judgment for aggravated sexual battery to reflect the proper date of the offense, but affirm the judgments in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Roger A. Woolsey, Greenville, Tennessee (at trial); Greg W. Eichelman, District Public Defender; Michael A. Walcher, Assistant District Public Defender, Morristown, Tennessee (on appeal), for the appellant, Vance Shelton.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

## <u>OPINION</u>

Defendant was indicted on three counts of rape of a child. He was convicted by a Greene County jury of one count of rape of a child and one count of the lesser offense of aggravated sexual battery, and acquitted of the other count of rape of a child. He was sentenced to twenty-five years and twelve years, respectively, to run consecutively to each other and consecutively to a prior four-

year sentence. In this appeal, the defendant challenges: (1) the sufficiency of the evidence; (2) the trial court's failure to grant a mistrial due to a variance in the proof and the indictment; (3) the trial court's ruling regarding the admission of his prior convictions for arson if he testified; and (4) the length of his sentences. Upon our review of the record, we remand for modification of the judgment for aggravated sexual battery to reflect the proper date of the offense, but affirm the judgments in all other respects.

## FACTS

The state's proof revealed that friends of the eleven-year-old victim reported to the victim's teachers and school officials that the victim might be pregnant. The victim was then interviewed by school officials and a representative from the Department of Human Services. She told authorities about her sexual activities with the defendant. Defendant was the victim's cousin and resided in the same house from time to time. During the investigation, the defendant gave a tape recorded statement to authorities in which he denied any sexual contact with the victim.

The victim testified that the defendant had digitally penetrated her vagina in the summer of 1995 in the hallway of her mother's home. Additionally, she testified that between Thanksgiving and Christmas of 1995, she performed oral sex on the defendant in the bathroom at the apartment of Randall McGee. Finally, she testified that on January 9, 1996, she again performed oral sex on the defendant in his bedroom and that once the act was complete, the defendant asked her if she wanted to have intercourse with him. When she told him she did not want to have intercourse, the victim testified that the defendant grabbed her by the shorts, pushed her onto the bed, moved her shorts to the side, and then vaginally penetrated her with his penis.

Dr. Peter R. Reardon testified that his findings in the gynecological exam of the victim were consistent with vaginal/penile penetration.

The victim's mother testified that she repeatedly warned the defendant that he should not be alone with the victim. The victim's eight-year-old step-sister testified that she saw the victim and the defendant alone in the defendant's bedroom on January 9, 1996.

Thereafter, the defendant presented testimony from Randall McGee concerning the alleged incident between Thanksgiving and Christmas in 1995 in McGee's apartment. McGee testified that the victim and the defendant were never alone on the night in question. As to the alleged incident on January 9, 1996, defendant's father testified that he never witnessed the victim and the defendant alone in the defendant's bedroom. The defendant did not testify at trial.

The jury found the defendant guilty of the vaginal/penile rape of the child occurring on January 9, 1996, acquitted the defendant of all charges relating to the alleged incident at the McGee apartment, and found the defendant guilty of the lesser charge of aggravated sexual battery relating to the incident in the summer of 1995. This appeal followed.

# I.  SUFFICIENCY OF THE EVIDENCE

The defendant claims the evidence is insufficient to support his convictions for rape of a child and aggravated sexual battery.  Specifically, he alleges Dr. Reardon's testimony was inconclusive and the victim's trial testimony contradicted her earlier statements to the authorities.  Additionally, he argues his pre-trial statement denying any sexual contact with the victim should have been given the same weight as the victim's testimony.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial.  A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state.  State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal.  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  The appellant has the burden of overcoming this presumption of guilt.  *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt.  Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Rape of a child is defined as the "unlawful sexual penetration" of a victim by a defendant where the victim is less than thirteen years of age. *See* Tenn. Code Ann. § 39-13-522(a).  The victim testified that on January 9, 1996, when she was eleven years old, the defendant forcibly had sexual intercourse with her.  In addition, Dr. Reardon testified that his findings in the examination of the victim's vaginal area were consistent with penile penetration.  The jury was free to disregard the defendant's pre-trial denial of misconduct.  Thus, the jury could have reasonably concluded the defendant sexually penetrated the victim, a child under the age of thirteen, on January 9, 1996.

Aggravated sexual battery is defined as "unlawful sexual contact" with a victim by the defendant where the victim is less than thirteen years of age. *See* Tenn. Code Ann. § 39-13-504(a)(4).  "Sexual contact" includes the intentional touching of the victim's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's intimate parts, if the intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification. *See* Tenn. Code Ann. § 39-13-501(6).  The victim testified that in the summer of 1995, when she was eleven years old, the defendant placed his hand down the bikini bottoms of her swimsuit and inserted his finger into her vagina.  Thus, the jury could have reasonably concluded the defendant intentionally touched the victim's intimate parts.  Furthermore, we conclude the jury

could have reasonably found the defendant committed the act for the purpose of sexual arousal or gratification.

The evidence is sufficient to support both convictions. This issue is without merit.

## II. MISTRIAL

The defendant contends the trial court erroneously admitted evidence of two acts of penetration on January 9, 1996; the state was required to elect in count one which act of penetration upon which it was relying; and the trial court erred in failing to grant a mistrial due to a variance in the state's proof and the indictment.

Count one of the indictment alleges "unlawful penetration" of the victim by the defendant on "January 9, 1996," and is not specific as to the type of penetration. Count two alleges "unlawful penetration" of the victim by the defendant "within three months of January 9, 1996," in the form of "fellatio." The defendant filed a motion for a bill of particulars prior to trial, and the state provided information about the dates and locations of the alleged conduct for each count of the indictment. The state did not specify the types of sexual acts relating to January 9, 1996.

With regard to count one, the victim testified at trial that on January 9, 1996, she performed oral sex on the defendant and was then vaginally penetrated by the defendant with his penis. With regard to count two, the victim testified that between Thanksgiving and Christmas of 1995, she performed oral sex on the victim at the apartment of Randall McGee.

At the close of the state's proof, the defendant requested a mistrial arguing that the jury improperly heard testimony about two different instances of penetration occurring on January 9, 1996. Thus, the defendant alleged the jury would be confused as to which instance they were to use as the basis for the allegation in count one of the indictment. Additionally, the defendant claimed that the victim's testimony could lead to jury confusion in differentiating between counts one and two. The trial court concluded that any juror confusion could be solved by an election and instruction limiting count one of the indictment to "vaginal penetration." The jury convicted the defendant of "vaginal penetration" in count one and acquitted the defendant in count two.

We conclude that evidence as to both fellatio and vaginal penetration on January 9, 1996, was admissible under count one of the indictment. Evidence that relates to sex crimes that allegedly occurred during the time period charged in the indictment is relevant to the issues being tried and, therefore, is admissible. State v. John Rickman, 876 S.W.2d 824, 828 (Tenn. 1994); *see also* Tenn. R. Evid. 402. However, the state must elect at the close of its proof the particular incident for which a conviction is being sought. *Id.* Although January 9, 1996, is one day and not a time period including more than one day, the state is not precluded from introducing evidence of different sexual acts on that date, provided the state makes a proper election.

Here, the victim testified to one instance of oral penetration and one instance of vaginal penetration by the defendant on January 9, 1996. However, the trial court instructed the jury that they were only to consider the vaginal penetration with regard to count one, and the jury specifically returned a verdict of "guilty of rape of a child by vaginal penetration on January 9, 1996." As to the alleged fellatio between Thanksgiving and Christmas in 1995 in count two, the jury acquitted the defendant.

Thus, evidence of both acts of penetration on January 9, 1996, was admissible; the trial court properly required the election; the trial court gave a proper jury instruction as to the election; and the jury specifically found the defendant guilty of "vaginal penetration on January 9, 1996." There was no error, no juror confusion, no variance, and no reason for a mistrial. This issue is without merit.

## III. PRIOR CONVICTIONS

The defendant asserts that the trial court improperly ruled that his three 1993 convictions for arson could be introduced by the state if the defendant testified. The trial court concluded their probative value outweighed any unfair prejudicial effect. The defendant did not testify at trial.

The state may use a prior adult conviction to impeach the testimony of an accused in a criminal prosecution if: (a) the conviction was for a crime that is punishable by death or imprisonment in excess of one year or a misdemeanor involving dishonesty or false statement; (b) less than ten years has elapsed between the date the accused was released from confinement and the commencement of the prosecution; (c) the state gives reasonable written notice of the particular conviction or convictions it intends to use to impeach the accused prior to trial; and (d) the trial court finds that the probative value of the felony or misdemeanor on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. Tenn. R. Evid. 609; State v. Mixon, 983 S.W.2d 661, 674 (Tenn. 1999).

In this case, the first three requirements have been satisfied. Thus, the only remaining issue is whether the trial court erroneously concluded that the probative value of the convictions on the question of the appellant's credibility outweighed the prejudicial effect upon the substantive issues presented by the evidence.

> In determining whether the probative value of a conviction on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues, a trial court should (a) assess the similarity between the crime on trial and the crime underlying the impeaching conviction, and (b) analyze the relevance the impeaching conviction has to the issue of credibility.

State v. Farmer, 841 S.W.2d 837, 839 (Tenn. Crim. App. 1992) (quoting N. Cohen et al., **Tennessee Law on Evidence** § 609.9 at p. 288 (2nd ed. 1990)).

The crimes of arson and child rape are obviously dissimilar; thus, the issue is whether the crime of arson is probative of credibility. This court has concluded that convictions for "setting fire with intent to burn" and "arson" are not relevant to a defendant's credibility, absent evidence of the actual circumstances supporting the convictions. State v. Marvin Bedford, C.C.A. No. 02C01-9806-CR-00192, 1999 WL 234681, at *3 (Tenn. Crim. App. filed April 22, 1999, at Jackson), *perm. to appeal denied* (Tenn. 1999) (setting fire with intent to burn); State v. Charles Clay Young, C.C.A. No. 01C01-9605-CC-00195, 1997 WL 469900, at *6 (Tenn. Crim. App. filed August 15, 1997, at Nashville), *perm. to appeal denied* (Tenn. 1998) (arson). *But see* State v. Donald Ray Hunter, 1989 WL 9585, at *2 (Tenn. Crim. App. filed February 8, 1989, at Jackson) (arson is relevant to credibility).

At the time of the defendant's convictions in 1993, arson was structural fire damage either

(1) Without the consent of all persons who have a possessory, proprietary or security interest therein; or
(2) With intent to destroy or damage any structure to collect insurance for the damage or destruction or for any unlawful purpose.

Tenn. Code Ann. § 39-14-301(a) (1991). The first method of commission might not necessarily involve dishonesty, whereas the second method would. Here, the record of the pre-trial motion contains no indication of the underlying facts supporting the arson convictions. The state offered no such indication, nor did the defendant make any argument about the underlying facts. In fact, our reading of the transcript of the pre-trial motion reveals no objection by the defendant to the admissibility of the arson convictions. Defendant made no offer of proof of his proposed testimony and did not testify at trial.

The state argues the defendant has waived this issue by failing to make an offer of proof. Although an offer of proof is not required to preserve this issue for appeal, our Supreme Court has recognized that , "depending upon the facts and circumstances of a case, an offer of proof may be the only way to demonstrate prejudice." State v. Galmore, 994 S.W.2d 120, 125 (Tenn. 1999).

If the trial court did err by ruling the arson convictions would be admissible, we are unable to find it reversible in this case. Firstly, the defendant voiced no objection and no argument at the pre-trial hearing with regard to the arson convictions, thereby waiving the issue. Secondly, although the defendant's unsworn denials of misconduct during his January 1996 interrogation by an officer were introduced into evidence, we are unable to assume what his sworn testimony would be. Finally, we are unable to find prejudice, based on the record before us, assuming the arson convictions had been admitted for impeachment purposes.

This issue is without merit.

# IV.  SENTENCING

The defendant attacks the length and consecutive nature of his sentences.  Although he does not attack the enhancement factors applied by the trial court, he claims the trial court improperly used the same enhancement factor to determine the length of sentence within the range and in ordering the sentences be served consecutively.  The defendant further claims the trial court failed to make adequate findings under Tenn. Code Ann. § 40-35-115(b)(5) (criteria for consecutive sentencing for multiple offenses involving sexual abuse of a minor).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## A.  Length of Sentence

The trial court applied the following enhancement factors to both convictions: (1) the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range; (2) defendant was on felony probation when he committed the instant offenses; and (3) the defendant abused his position of private trust.  *See* Tenn. Code Ann. § 40-35-114(1), (13), and (15).  The trial court also found the child rape was committed to satisfy the defendant's desire for pleasure and applied factor (7) to the child rape conviction.  *See* Tenn. Code Ann. § 40-35-114(7).  The trial court found no mitigating factors.

The weight to be given enhancement factors is left to the discretion of the trial court as long as it complies with the principles of the sentencing act.  State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986).  We find no reason to disturb the maximum length of sentences set by the trial court.

## B.  Consecutive Sentences

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising

from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; [or]

(6) [t]he defendant is sentenced for an offense committed while on probation.

Tenn. Code Ann. § 40-35-115(b).

Specific factual findings relating to the need to protect society are not required for these categories. State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

The trial court applied both criteria (5) and (6). The defendant contends the trial court failed to make specific findings with regard to factor (5). Regardless, we conclude the defendant was on felony probation from his convictions for arson when he committed the current offenses. Therefore, Tenn. Code Ann. § 40-35-115(b)(6) provides ample basis for consecutive sentencing. We also conclude the aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved.

Defendant contends the trial court erred in relying upon the same enhancement factor in determining the length of each sentence and in ordering consecutive sentencing. However, this court has concluded it is appropriate to consider the same enhancement factor in determining both the length and consecutive nature of sentences. State v. Melvin, 913 S.W.2d 195, 205 (Tenn. Crim. App. 1995).

This issue is without merit.

## V. AGGRAVATED SEXUAL BATTERY JUDGMENT

The legislature has determined that a sentence for aggravated sexual battery should be served at 100%, if said offense was committed on or after July 1, 1995. Tenn. Code Ann. § 40-35-501(i). At sentencing, the trial court stated that it was sentencing the defendant as a Range I offender because the time period for count three was the summer of 1995, and no evidence established a specific date of commission for the offense. Release eligibility for a Range I offender is 30%. However, the judgment in count three erroneously reflects the date of offense as "1-9-96." Thus, we direct the trial court to enter an amended judgment for aggravated sexual battery reflecting an offense date prior to July 1, 1995, so that the Department of Correction will be able to properly calculate the release eligibility date.

## CONCLUSION

Based upon our review of the record, the judgments of the trial court are affirmed as modified.

_____
JOE G. RILEY, JUDGE