# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. DEAN BYARD

### Direct Appeal from the Criminal Court for Davidson County
### No. 99-C-1782     Seth W. Norman, Judge

---

### No. M2000-01410-CCA-R3-CD - Filed November 27, 2001

---

Defendant appeals from a bench trial where he was found guilty of one count of assault and one count of aggravated assault. Sufficient evidence exists to support the conviction of aggravated assault. The ineffective assistance of counsel claim is wholly unsubstantiated. We affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Sam E. Wallace, Jr., Nashville, Tennessee, for the appellant, Dean Byard.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Lisa Angela Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant, Dean Byard, waived his right to trial by a jury and proceeded with a bench trial. The trial judge found defendant guilty of one count of assault of Patricia Haley and imposed a sentence of eleven months and twenty-nine days. Defendant was also found guilty of one count of aggravated assault of Glenda Bryson, was sentenced to three years, and was placed in a community corrections program. The sentences were ordered to be served concurrently. Defendant did not submit a motion for new trial to the trial court. Rather, he submits his issues for appeal to this court on direct review and requests a new trial. Defendant correctly points out that the motion for a new trial is not necessary when the trial was had before a judge without intervention of a jury, as is the case here. United States v. DeCoster, 159 U.S. App. D.C. 326, 487 F.2d 1197 (1973); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Defendant contends (1)

that insufficient evidence exists to support his conviction of aggravated assault and (2) that he received ineffective assistance of counsel.

## FACTS

The trial proceedings reveal that defendant and Ms. Patty Haley were married on September 6, 1997, and divorced on September 10, 1999. The parties were separated during 1998. According to Ms. Haley's testimony, on July 18, 1998, the parties met in the parking lot of Christ Church on Old Hickory Boulevard in Nashville. Ms. Haley agreed to meet with defendant to discuss reconciling. She further testified that when she tried to leave, defendant grabbed her arm, jerked her around, and then grabbed her neck. She also stated that as he pulled her, she fell to the ground. She finally was able to get up and use her cell telephone to call Ms. Glenda Bryson. Ms. Haley testified that at this time defendant grabbed Ms. Haley's cell telephone from her. Ms. Haley then ran into the church and called the police from the youth minister's office.

Ms. Bryson testified that when she received the telephone call from Ms. Haley, Ms. Haley was acting hysterical and claimed that defendant was beating her. At that time, Ms. Bryson hung up and called 9-1-1, requesting that police be sent to the church. Shortly thereafter, Ms. Bryson also drove to the church. She testified that as she got about halfway up the entrance of the church, she saw defendant sitting in his truck. She testified that defendant started coming toward her really fast in his truck, and it seemed he was not going to stop. Ms. Bryson stated that she was afraid defendant was going to hit her while driving his truck. She put her car in reverse, backed out into two lanes of traffic without even looking, and pulled into another entrance that went up behind the church. She then drove behind the church and made a second 9-1-1 call. Ms. Bryson also testified that she did not notice if defendant followed her or proceeded out of the exit of the church and away from the church.

Defendant testified that upon meeting Ms. Haley at Christ Church, she asked him for money. Defendant stated that upon his refusal, Ms. Haley "just went crazy" and "started throwing a fit." He further stated that he asked her to calm down and held her hand. He then released her hand and she ran inside the church. He claimed he did not strike Ms. Haley or choke her, and that she had her cell telephone when she ran inside the church. He admitted that he grabbed Ms. Haley's wrist because she was "throwing a fit and hollering and screaming." He said he was trying to calm her down. He also claimed that Ms. Haley did not use her cell telephone to call anyone. Lastly, defendant testified that after Ms. Haley ran inside the church, defendant left the church, and that he did not see Ms. Bryson. He further denied that he ever drove toward Ms. Bryson as she drove up the entrance to the church.

Defendant was asked on cross-examination if he should be believed. Defendant stated that he was telling the truth. When asked if he always told the truth, he replied, "[w]ell, I try to." He admitted that he was convicted on November 20, 1998, of theft of property between $1,000 and $10,000. He also admitted that he was convicted on August 15, 1991, of forgery. However, he did not recall being convicted in February of 1998 of fraudulent breach of trust. All of these convictions are reflected in his criminal record.

Stan Mitchell, the associate pastor of Christ Church, testified that on the day in question, the youth pastor brought Ms. Haley to his office. Ms. Haley told Mr. Mitchell that she and defendant had an argument in the church parking lot. Mr. Mitchell stated that Ms. Haley claimed defendant grabbed her forcefully; however, Mr. Mitchell did not observe any fingerprints or bruises on Ms. Haley's neck. Mr. Mitchell also testified that several days after the day of the alleged incident, he had a conversation with defendant. At that time defendant denied attempting to choke Ms. Haley, but stated that he had grabbed her by the shoulders and might have grabbed her about the neck because, as Mr. Mitchell stated, they were in a "flammatory argument." Mitchell also stated that he did not remember Ms. Bryson coming into his office, and that Ms. Haley had been in the youth minister's office prior to being in Mr. Mitchell's office.

## ANALYSIS

### I.  SUFFICIENCY OF EVIDENCE ON CHARGE OF AGGRAVATED ASSAULT

Defendant first asserts that the evidence on the charge of aggravated assault was insufficient for a finding of guilt. We disagree. When challenging the sufficiency of evidence, a defendant is burdened with showing why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996). The verdict will not be disturbed, unless, as a matter of law, the facts are so insufficient that a rational trier of fact could not find guilt beyond a reasonable doubt. Tenn. R. App. P. 13(e). Additionally, the verdict of a judge in a bench trial is accorded the same weight on appeal as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999); State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

In Tennessee, assault occurs when someone "intentionally or knowingly causes another to reasonably fear imminent bodily injury." Tenn. Code Ann. § 39-13-101(a)(2). The act becomes aggravated if the person "uses or displays a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1). Cases in Tennessee hold that an automobile can be a deadly weapon. State v. Hurst, No. W1999-01860-CCA-R3-CD, 2000 WL 1140783, at *3 (Tenn. Crim. App., filed Aug. 3, 2000, at Jackson), perm. app. denied (Tenn. Jan. 2, 2001); see State v. Tate, 912 S.W.2d 785, 787-88 (Tenn. Crim. App. 1995).

In the instant case, Ms. Bryson testified that she saw defendant's truck in the driveway as she pulled into the entrance of Christ Church. She further testified that defendant began driving towards her "really fast in his truck and didn't look like he was going to stop." Ms. Bryson stated that she was afraid defendant was going to run into her. She stated that she was so afraid that she proceeded to back out of the church parking lot and into two lanes of traffic without even looking.

We note that in any trial the duty of the fact-finder is to weigh the testimony of the witnesses and make a determination as to which witnesses are to be believed and what testimony is to be accredited. See State v. Howard, 926 S.W.2d 579, 585 (Tenn. Crim. App. 1996). This is

the duty of the trial judge in a bench trial, because the trial judge is in the position to listen to and observe first-hand the testimony of the witnesses.  Therefore, great weight is given to the trial judge's conclusions.  In light of Ms. Bryson's testimony that she was afraid and believed defendant would run into her, we leave the issue of defendant's intent to the trial judge and find sufficient evidence upon which to base a guilty verdict.  We will not substitute the trial court's judgment with that of our own.  We affirm the decision.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts on appeal that his counsel was ineffective for two reasons.  The record reflects that counsel did not subpoena various cell telephone records or object to the introduction of portions of the State's proof.  Defendant asserts that the cell telephone records would have shown that certain telephone calls were never made on the day of the alleged assault even though Ms. Haley and Ms. Bryson testified that the calls were made.  Also, defendant finds fault in that counsel should have objected to the State's introduction of a prior conviction to impeach defendant.

We note that defendant is asserting his claims of ineffective assistance of counsel on direct appeal. Defendant does so without a hearing on a motion for a new trial or submitting any evidence to the trial court.  On direct appeal, a defendant may seek to have the effectiveness of counsel reviewed solely on the record.  However, this court has cautioned that such practice is "fraught with peril."  State v. Sluder, No. 1236, 1990 WL 26552, at *8 (Tenn. Crim. App., Mar. 14, 1990, at Knoxville), perm. app. denied (Tenn. July 16, 1990).  Proceeding on an ineffectiveness claim without an evidentiary hearing makes it practically impossible to demonstrate prejudice as required in ineffective assistance claims.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984).

This court reviews a claim of ineffective assistance of counsel under the standards of Strickland and Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).  The defendant has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases.  Baxter, 523 S.W.2d at 936.  The defendant must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997).  Therefore, in order to prove a deficiency, a defendant must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms.  Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Goad, 938 S.W.2d at 369.

-4-

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

*Failure to Subpoena Cell Telephone Records*

When a defendant contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the defendant at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); see also Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the defendant can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the defendant. Black, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness' testimony might have been if introduced by counsel. Id.

We again note that this cause is brought to us on direct appeal. As such, a post-trial evidentiary hearing as to the efforts of defense counsel was never conducted and no findings regarding such exist. There is no record regarding an ineffective assistance of counsel claim and no record containing any testimony of defendant's attorney. For these reasons, this court cannot be certain that any supposed cell telephone records would have either prejudiced defendant or helped defendant. For whatever reason, it is possible that counsel did not want to draw attention to the records or simply found them to be irrelevant. Because no other proof exists, this court does not care to and will not speculate as to either the existence of the cell telephone records or their supposed effect on the trial court's findings. This issue is without merit.

*Failure to Object to Convictions Not Included in State's Notice*

Defendant also asserts that counsel should have objected to the State's use of a previous conviction for the purpose of impeachment. During the pre-trial discovery phase, the State responded to defendant's request for discovery and filed a written notice of its intent to use defendant's prior convictions for impeachment purposes. Subsequently, the State gave specific notice pursuant to Tennessee Rules of Evidence 609 and 405 concerning only one prior conviction for theft of property between $1,000-$10,000 on November 20, 1998.

At trial, defendant was asked if he always told the truth. Defendant answered, "[w]ell, I try." The State then proceeded to impeach defendant with the November 1998 conviction for theft and two other convictions for forgery and fraudulent breach of trust, both of which are reflected in defendant's criminal record. Defendant contends that the convictions of forgery and fraudulent breach of trust may not be used for impeachment purposes. We disagree.

Tennessee Rule of Evidence 609(a)(3) provides that "the State must give the accused reasonable written notice of the impeaching conviction before trial." This means that the state must notify the appellant in writing that it intends to use a prior conviction to impeach the accused's credibility at trial. State v. Farmer, 841 S.W.2d 837, 839 (Tenn. Crim. App. 1992). In the case of State v. Barnard, 899 S.W.2d 617 (Tenn. Crim. App. 1994), the prosecutor failed to provide notice of intent to use a prior conviction of the accused. However, he did give a discovery response outlining defendant's criminal record. The evidence was admitted and defendant appealed. This court found that defendant was not prejudiced and the error was harmless. Barnard, 899 S.W.2d at 622.

In this case, although the actual notice requirement of Rule 609(a)(3) was not satisfied because the state failed to inform the appellant of its intention to use the prior convictions for impeachment purposes, defendant does not appear to have been unduly prejudiced by the state's noncompliance. The State, in its answers to defendant's pre-trial request for discovery, submitted defendant's prior record. The fact that defendant's counsel did not object to the introduction of this evidence is of no consequence. There was no undue prejudice; hence, this issue is without merit.

## CONCLUSION

Accordingly, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE